IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BORIS SHUGAL,

    Plaintiff,

vs.

VIZCAYA ALF INC,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, BORIS SHUGAL, sues Defendant, VIZCAYA ALF, INC., and shows:

### Introduction

1. This is an action by BORIS SHUGAL against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, BORIS SHUGAL, (hereinafter "SHUGAL") a resident of Broward County, Florida, was at all times material, employed by VIZCAYA ALF

INC as a cook, was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5. Defendant, VIZCAYA ALF INC (hereinafter, "VIZCAYA ALF"), is a Florida Corporation doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the assisted living facility where SHUGAL was employed.  At all times pertinent to this Complaint, VIZCAYA ALF operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and VIZCAYA ALF obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. Since on or about January 1, 2018, up to and including August 4, 2019, Defendant VIZCAYA ALF has willfully violated the provisions of §7 of the

Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically SHUGAL, since January 1, 2018, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

7. The failure to pay overtime compensation to SHUGAL is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

8. VIZCAYA ALF's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and SHUGAL's status as non-exempt, but chose not to pay him in accordance with the Act.

9. SHUGAL is entitled pursuant to 29 U.S.C. § 216(b), to recover from VIZCAYA ALF:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, BORIS SHUGAL, prays that this court will grant judgment against Defendant VIZCAYA ALF:

      a.    awarding SHUGAL payment of overtime compensation found by the court to be due to him under the Act;

      b.    awarding SHUGAL an additional equal amount as liquidated damages;

      c.    awarding SHUGAL his costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

### **Jury Demand**

Plaintiff demands trial by jury.

Dated: October 2, 2019
Plantation, Florida

    Respectfully submitted,

*s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for BORIS SHUGAL*